UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 19-233-DLB

KOFIE AKIEM JONES                                                       PETITIONER

v.                      **MEMORANDUM OPINION AND ORDER**

GREGORY A. KIZZIAH, WARDEN                          RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Kofie Akiem Jones has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 6) and a Supplemental Memorandum (Doc. # 10) in further support of his claims. After reviewing both filings, the Court **denies** Jones's request for relief.

In 2003, a grand jury in the Northern District of West Virginia charged Jones and three others in a six-count indictment stemming from an attempted bank robbery and armed bank robbery that occurred in Morgantown, West Virginia. *See, e.g.*, *United States v. Jones*, 319 F. Supp. 2d 703, 703 (N.D.W. Va. 2004), aff'd 122 F. App'x 27 (4th Cir. 2005). A jury found Jones guilty of all six counts. *Id*. at 704. Two of those counts were violations of 18 U.S.C. § 924(c). *See* Jury Verdict, *United States v. Jones, et al.*, No. 1:03-cr-47-FPS-1 (N.D.W. Va. 2003). Multiple appeals and 28 U.S.C. § 2255 habeas petitions followed. *See, e.g.*, *United States v. Jones*, 337 F. App'x 297 (4th Cir. 2009). Most recently, the Northern District of West Virginia denied Jones's motion to amend his § 2255 motion to vacate his sentence, *Jones v. United States*, No. 1:03CR47-01, 2019 WL 4409753, at \*6 (N.D.W. Va. Sept. 16, 2019), and the Fourth Circuit Court of Appeals denied Jones's request to file a successive § 2255 motion, *In re: Kofie Akiem Jones*, No.

1

19-418 (4th Cir. Nov. 5, 2019). Jones now seeks relief in this Court by way of a § 2241 petition. (Doc. # 6).

Although Jones's writing is not a model of clarity, the Petition and Supplemental Memorandum taken overall make clear that Jones believes he should be resentenced in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] *See* (Docs. # 6 and 10). Jones claims *Davis* applies retroactively on collateral review, and he makes a variety of arguments primarily suggesting his 18 U.S.C. § 924(c) convictions are no longer valid. *See id*. The Court conducts a preliminary review of § 2241 habeas petitions, denying a petition if it appears from its face that the applicant is not entitled to the requested relief. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Federal prisoners typically challenge the validity of their convictions under 28 U.S.C. § 2255 and the manner or execution of their sentences under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 294 F.3d 458, 461 (6th Cir. 2001)). Nevertheless, in very limited circumstances, a federal prisoner may use § 2241 to challenge his conviction or an enhancement to his sentence. Until recently, claims alleging actual innocence of a sentence enhancement could not be raised under § 2241. *See, e.g.*, *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (citations omitted). *Hill v. Masters*, however, allowed a petitioner to challenge his misapplied sentence under § 2241 when he could show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be

---

[1] In *Davis*, the Supreme Court struck down the residual clause in 18 U.S.C. § 924(c) as unconstitutionally vague. *See Davis*, 139 S. Ct. 2319.

2

deemed a miscarriage of justice or fundamental defect." See 836 F.3d at 595 (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2016)). Even still, a petitioner cannot bring a § 2241 petition as an alternative or additional remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001) (citing *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999)).

For a variety of reasons, Jones does not fall within the extraordinarily narrow framework that would allow him to proceed with his claims in the § 2241 context. For example, Jones has failed to identify a retroactive case of *statutory* interpretation. Even if *Davis* is retroactive on collateral review, at least three circuits have explained that *Davis* presented a new rule of constitutional, not statutory, law. *See United States v. Reece*, 938 F.3d 630, 634 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1098 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019). Aside from that, there would remain a timing problem with the petition. Jones states that he could not rely on *Davis* prior to now because "[h]is direct appeal and § 2255 motion were denied before *Davis* changed the settled law . . . ." (Doc. # 6 at 3). Jones has not truly demonstrated, however, that he had "no prior reasonable opportunity to bring his argument" that the § 924(c) residual clause was unconstitutional. *See Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). As the Sixth Circuit recently explained, "a claim for habeas relief is more than the talismanic force of a new case name." *Id*. "A new case matters only, if at all, because of the *new legal arguments* it makes available." *Id.* (emphasis in original).

Further, Jones has not demonstrated that his sentence "presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect." *See Hill*,

836 F.3d at 595 (citations omitted). In fact, Jones's predicate offenses are crimes of violence under § 924(c)'s use of force clause.[2] *See United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (concluding Hobbs Act robbery constitutes a crime of violence under the use of force clause); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) ("Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).") (citations omitted). *Davis*'s invalidation of the § 924(c) residual clause thus appears to be immaterial.[3]

For these reasons, Jones does not fit within the narrow category of petitioners allowed to challenge their sentences under § 2241. *See Hill*, 836 F.3d at 595; *Wright*, 939 F.3d at 705. As a result, the Court need not reach the merits of Jones's various *Davis*-based claims because § 2241 is not the proper statutory mechanism for him to pursue his desired relief. Accordingly,

**IT IS ORDERED** as follows:

(1) Jones's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 6) is **DENIED**;

(2) This case is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(3) A separate Judgment will be filed concurrently herewith.

---

[2] The Fourth Circuit Court of Appeals recently pointed this out when denying Jones's request to file a successive 28 U.S.C. § 2255 motion. *See In re: Kofie Akiem Jones*, No. 19-418 (4th Cir. Nov. 5, 2019).

[3] Jones claims the jury instructions given at his trial prevent his predicate offenses from falling within the use of force clause. (Doc. # 10 at 10–12). The Court, however, will not pass on the merits of this particular argument in this § 2241 proceeding.

This 13th day of December, 2019.



Signed By:
David L. Bunning   DB
United States District Judge

K:\DATA\ORDERS\ProSe\19-233 Screening Opinion.docx